WO                    NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry J. Busch, *et al.*, | No. CV-13-02517-PHX-JJT |
| Plaintiffs, | Consolidated with<br>No. CV-15-00045-PHX-JJT |
| v. | |
| Owen David Welling, *et al.*, | **ORDER** |
| Defendants. | |

At issue is Defendant and Counterclaimant Yellow Brick Road, LLC's ("YBR") Motion for Summary Judgment (Doc. 129, MSJ), to which Plaintiff and Counterdefendant Larry J. Busch and Busch Law Center, LLC filed a Response (Doc. 134, Resp.) and in support of which YBR filed a Reply (Doc. 139, Reply). The Court previously granted in part and denied in part YBR's Motion, granting summary judgment as to Counts 3-5 and denying it as to Counts 1-2. (Doc. 146.) Since entering that Order, the Court was made aware of additional evidence—of which it can take judicial notice—and will *sua sponte* grant YBR's Motion for Summary Judgment as to Counts 1-2.

**I.     BACKGROUND**

The Court adopts and reiterates the facts as set forth in its previous Order (Doc. 146). However, in that Order, the Court denied summary judgment as to Counts 1-2 of YBR's counterclaim due to a lack of admissible evidence illustrating that the Busch Parties took part in predicate acts that could serve to prove that the alleged racketeering

was part of a continued pattern rather than an isolated transaction. (Doc. 146.) Since entering that Order, the Court has been apprised of at least two separate actions that illustrate such a pattern.

First, Mr. Busch was indicted and pled guilty to related criminal charges featuring a nearly identical fact scenario. *See Arizona v. Larry Joseph Busch Jr.*, No. CR2015-129188-003 (Ariz. Super. Ct. 2015); *Arizona v. John Childs*, No. CR2015-129188-001 (Ariz. Super. Ct. 2015). There, both Mr. Busch and Larry Childs, his co-conspirator, pled guilty as charged to allegations of illegally controlling an enterprise through racketeering, a class three felony under A.R.S. § 13-2312(B), and knowingly obtaining a benefit by means of false or fraudulent pretenses through a fraudulent scheme, a class two felony under A.R.S. § 13-2310. *Id.* Mr. Childs also pled guilty to theft, a class two felony under A.R.S. § 13-1802(A)(2). *Id.* In doing so, Mr. Busch admitted to using his escrow account to further the fraudulent scheme and assist Mr. Childs in executing the scheme via an ongoing enterprise. *Id.*[1]

Second, the Arizona State Bar brought charges against Mr. Busch seeking disbarment for conduct virtually indistinguishable from that alleged here. *See In re Larry Joseph Busch, Jr.*, No. PDJ 2015-9017 (Ariz. 2017). There, Mr. Busch was again accused of using his escrow account to take in funds to be disbursed once a standby letter of credit was secured—an event which never occurred—at least four times. *Id.* (citing State Bar File Nos. 12-1235, 13-1060, 14-981, 14-3148). Again, in at least one of those instances, Mr. Childs was alleged to have been involved. *Id.* While Mr. Busch did not plead guilty to such charges, he explicitly acknowledged that the charges were made against him, agreed not to challenge them, and consented to disbarment. *Id.*

---

[1] The Court notes, as YBR has elsewhere raised, that similar charges are pending in Alabama and Mr. Busch is scheduled to enter a guilty plea in a matter of weeks. *See Alabama v. Larry Busch*, No. GJ-14-12-177 (Ala. Super. Ct. 2014). However, because the plea has not yet been entered and YBR has failed to provide admissible evidence regarding the allegations in that action, the Court still declines to take judicial notice of the assertions in that proceeding and relies only on those facts set forth in the body of this Order.

1  The Court takes judicial notice of both resolved matters. *See* Fed. R. Evid. 201(b) (permitting court to take judicial notice of a fact that is not subject to reasonable dispute); *Green Valley Land & Cattle Co. v. Bailey*, 923 F.2d 861 (9th Cir. 1991) (district court may take judicial notice of guilty plea in inferior court); *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (the court may take judicial notice of the state court record); *Reiner v. Graiwer*, No. CV 15-7577-GHK (KES), 2015 WL 9999191, at *1 (C.D. Cal. Nov. 25, 2015) ("the Court may take judicial notice of court records in other actions and state bar disciplinary opinions"). While Mr. Busch did not explicitly admit to the charges levied against him by the State Bar, he agreed not to contest them, which is the primary factor in determining whether a fact may be judicially noted. *See Lee v. City of L.A.*, 250 F.3d 668, 689-90 (9th Cir. 2001) ("a court, then, may take judicial notice of undisputed facts contained in public records, but it may not take judicial notice of disputed ones").

**II.     ANALYSIS**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when: (1) the movant shows that there is no genuine dispute as to any material fact; and (2) after viewing the evidence most favorably to the non-moving party, the movant is entitled to prevail as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1288–89 (9th Cir. 1987). Under this standard, "[o]nly disputes over facts that might affect the outcome of the suit under governing [substantive] law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine issue" of material fact arises only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

In considering a motion for summary judgment, the court must regard as true the non-moving party's evidence if it is supported by affidavits or other evidentiary material. *Celotex*, 477 U.S. at 324; *Eisenberg*, 815 F.2d at 1289. The non-moving party may not merely rest on its pleadings; it must produce some significant probative evidence tending to contradict the moving party's allegations, thereby creating a question of material fact.

*Anderson*, 477 U.S. at 256–57 (holding that the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968).

"A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Summary judgment must be entered 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *United States v. Carter*, 906 F.2d 1375, 1376 (9th Cir. 1990) (quoting *Celotex*, 477 U.S. at 322).

As to Counts 3-5, the Court reiterates the analysis provided in its previous Order (Doc. 146), and nothing in this Order shall serve to abrogate the findings and conclusions as to those Counts. However, as to Counts 1-2, the Court finds sufficient evidence to reverse the previous Order's ruling.

**A.     Violation of 18 U.S.C. § 1962, *et seq.* (RICO) (Count 1)**

The elements of a civil RICO claim are that a defendant participated in (1) the conduct of (2) an enterprise that affects interstate commerce (3) through a pattern (4) of racketeering activity. *Elec. Prop. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014) (citing 18 U.S.C. § 1962(c)). Under 18 U.S.C. § 1961(4), an enterprise includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." The Busch Parties failed to contest the argument that an enterprise affecting interstate commerce does not exist and the Court will consider that RICO element as met. Even where the Busch Parties argue otherwise, as set forth below, their involvement in a racketeering enterprise is elsewhere admitted.

Pursuant to 18 U.S.C. § 1961(5), a civil RICO claim requires at least two acts of racketeering to constitute a pattern. The requisite acts must be "related" and amount to or pose a threat of continued criminal activity. *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989). Here, YBR has alleged a pattern of wire fraud conducted by Mr. Childs,

Mr. Koster, and the Busch Parties. The elements of a claim for wire fraud are: (1) the existence of a scheme to defraud; (2) the use of wire, radio, or television to further the scheme; and (3) specific intent to defraud. *United States v. Pelisamen*, 641 F.3d 399, 409 (9th Cir. 2011) (citation omitted).

As previously stated, YBR has presented uncontested facts that it was defrauded and U.S. wires were used in furtherance of the scheme to defraud. Specifically, YBR transferred funds to the Busch Parties and Mr. Busch released those funds to various recipients via wire transfer. All of this was completed on false pretenses and without intent to provide a standby letter of credit as promised. While each of these acts were in furtherance of a singular fraud against YBR and do not, by themselves, pose a threat of continued criminal activity, the Court takes judicial notice of Mr. Busch's guilty plea to nearly identical criminal charges and the uncontested disciplinary charges made against him in his disbarment. Combined with the isolated transaction of which YBR provided ample evidence—and for which the Court granted summary judgment as to Counts 3-5 of YBR's claims—these facts illustrate a pattern of racketeering activity that not only posed a threat of continued criminal activity, but manifested itself in virtually duplicative fraudulent schemes against other parties. As the Court previously stated, YBR is also entitled to an adverse inference regarding Mr. Busch's silence with respect to his relationship with the other parties, particularly in other similar transactions. *Baxter v. Palmigiano*, 425 U.S. 308, 318–19 (1976); *Doe ex rel. Rudy-Glanzer*, 232 F.3d 1258, 1264 (9th Cir. 2000) (an adverse inference can only be drawn when independent evidence exists as to the facts about which the party refuses to answer). Given the criminal conviction, consent to disbarment, and the adverse inferences drawn, no doubt remains as to the Busch Parties' involvement in a pattern of RICO related activities and schemes. Accordingly, the Court will abrogate and reverse its previous Order (Doc. 146) as to Count 1 of YBR's Motion for Summary Judgment.

### B. Conspiracy to Violate 18 U.S.C. § 1962, *et seq.* (Count 2)

Under 18 U.S.C. § 1962(d), it is unlawful for a person to conspire to violate any provision of § 1962. A claim under this section requires that a defendant be "aware of the essential nature and scope of the enterprise and intended to participate in it." *United States v. Christensen*, 828 F.3d 763, 780 (9th Cir. 2015) (quotation omitted). Previously, the Court denied YBR's Motion for Summary Judgment as to Count 2 for the same reasons it denied YBR's Motion as to Count 1—a lack of indisputable facts regarding the Busch Parties' frequent involvement in multiple fraudulent transactions as an escrow agent. As with the preceding, the Court takes judicial notice of Mr. Busch's guilty plea and consent to disbarment which, coupled with the adverse inferences properly drawn from Mr. Busch's declination to testify, provide those facts. YBR has already proven the Busch Parties' knowledge and intent to participate in a fraud via evidence regarding its transaction and adverse inference. Accordingly, the Busch Parties' knowledge of and involvement in the essential scope of the fraud as required by § 1962(d) are satisfied. For the reasons stated in the preceding section, the parties are equally entitled to summary judgment as to Count 2, and the Court reverses its previous Order (Doc. 146) in this regard.

### C. Damages

Because the Court denied YBR's Motion as to Counts 1-2, it also denied YBR's request for treble damages pursuant to 18 U.S.C. § 1964(c). Now that the Court has admissible evidence for it to grant summary judgment on YBR's RICO claims, it will allow for treble damages of YBR's principal damages—its $300,000 loss of investment. Thus, YBR is entitled to $900,000 is damages.

YBR also seeks punitive damages in addition to its compensatory damages, trebled. (MSJ at 16-17.) As YBR argues, the Ninth Circuit recognizes that punitive damages authorized by state law are available in addition to treble damages. (MSJ at 17 (citing *Neibel v. Trans World Assur. Co.*, 108 F.3d 1123, 1130 (9th Cir. 1997).) Specifically, punitive damages are available in fraud-based claims when gross fraudulent

1 activity or malice or ill will are evident. *Hunger Contracting Co. v. Sanner Contracting Co.*, 492 P.2d 735, 741 (Ariz. 1972). On the whole, the Busch Parties participated in gross fraudulent activity—both against YBR and others. Further, both malice and ill will can be gleaned from the size, scope, and frequency of the Busch Parties' fraud, and the adverse inferences that are drawn from Mr. Busch's refusal to testify as to his knowledge or intent in perpetrating the fraud in concert with the co-conspirators. *See, e.g.*, *United States v. Fernandez*, 388 F.3d 1199, 1230 (9th Cir. 2014). As such, and as the Court has addressed elsewhere (*see* Doc. 145), punitive damages are appropriate. As the Court previously discussed in regards to the Childs Defendants, the appropriate punitive damages are determined by applying a multiplier of three, granting YBR an additional $900,000. Accordingly, the total award to YBR is $1.8 million.

### D. Attorneys' Fees

Pursuant to 18 U.S.C. § 1964(c), the terms of the Escrow Instructions, and A.R.S. § 12-341.01, YBR requests its attorneys' fees and costs in defending and offensively litigating this action because the Court has found RICO violations and because the claims arise out of the contracts between the parties. The Court agrees that, under 18 U.S.C. § 1964(c) and, as evidenced by the Escrow Instructions, A.R.S. § 12-341.01, YBR is entitled to seek reasonable attorneys' fees and costs.

**IT IS THEREFORE ORDERED** granting Defendant and Counterclaimant Yellow Brick Road, LLC's Cross-Motion for Summary Judgment (Doc. 129) as to Counts 1-2, which was previously denied (Doc. 146).

**IT IS FURTHER ORDERED** that Yellow Brick Road, LLC shall file its application for attorneys' fees no later than April 28, 2017. The Court will decide what attorneys' fees and costs will be awarded upon ripeness of the application.

. . . .

. . . .

. . . .

. . . .

1  **IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment in favor of Defendant and Counterclaimant Yellow Brick Road, LLC on all of their Counterclaims against Plaintiff Larry J. Busch and Busch Law Center, LLC and close this matter.

Dated this 31st day of March, 2017.

_____
Honorable John J. Tuchi
United States District Judge